### LUDWIG ALEXANDER *v.* BEESY MANNING.

RECEIVER. *In chancery. Appointment by circuit judge. Code of 1880.*

Under the Code of 1880, a circuit judge has no power, in any circumstances, to appoint a receiver in a case pending in the Chancery Court, either in vacation or in term-time. The provision of sect. 979 of the Code of 1871 which gave circuit judges the power to appoint receivers was not carried into the Code of 1880; and such power is not conferred by sect. 2267, nor by sect. 2272, or any other provision of the latter Code.

*Quære:* whether a *chancellor* has the power, under the Code of 1880, to appoint a receiver in vacation.

APPEAL from order of Hon. SAMUEL POWELL, Judge of the Third Judicial District, appointing a receiver.

This case comes up on an appeal from the order of the circuit judge appointing, in vacation, a receiver in a case pending in the Chancery Court of one of the counties of his district. The application was made to the circuit judge on the ground that the chancellor was disqualified to consider the same, he having been of counsel for the complainant before his elevation to the bench.

*Calvin Perkins*, for the appellant.

Sect. 2267 of the Code of 1880 does not give circuit judges power to appoint receivers. In this case, I suppose that the power is claimed under sect. 2272, but that section is to the effect that when the " judge or chancellor " is incompetent,

the matter shall be brought before the "judge or chancellor of another district;" meaning that if it is a matter solely for the chancellor to sit on, then it shall, in the case of his incompetency, be brought before the chancellor of another district, and the same as to the judge.

*T. W. White,* for the appellee.

The appellant urges the objection to the order appointing a receiver, that the circuit judge has no power, under the statute, to make such appointment, even when the chancellor is disqualified to act.

I submit that sect. 2267 of the Code of 1880 confers this power where the chancellor of the district in which the suit is pending is of counsel in the case, which was the ground for applying to the circuit judge in this instance.

CHALMERS, C. J., delivered the opinion of the court.

Circuit judges have no power under the Code of 1880 to appoint receivers in cases pending in the Chancery Court, either when the chancellor is disqualified, or in any other state of case. Under the Code of 1871 (sect. 979), both circuit and supreme judges were authorized to make such appointments ; but no such provision is found in our present Code. It is true that by sect. 2267 of the Code of 1880 circuit judges are empowered to issue "writs of *habeas corpus, mandamus, certiorari, supersedeas,* and attachment, grant orders of injunction, and all other unexecuted writs ;" but this does not include the appointment of a receiver, which is not the issuance of a remedial writ, but the exercise of judicial authority pertaining alone, in the absence of statutory provision, to the court or to the judge in which or before whom the matter is pending. Whether it would be admissible even for the presiding chancellor to make such an order otherwise than in term-time, if not specially authorized by statute, may well admit of doubt.

The section of the Code last cited is not the equivalent of sect. 979 of the Code of 1871, but is the counterpart of sect. 533 of said Code. It was by virtue of sect. 979 alone that

circuit judges heretofore appointed receivers ; and this section, as before remarked, is not brought forward, so far as it includes the appointment of receivers, in the Code of 1880. Sect. 2272 of the Code of 1880, relative to proceedings in vacation where a judge is disqualified, does not authorize a circuit judge, under such circumstances, to exercise functions pertaining solely to a chancellor, or *vice versa*, but only directs that in such a case application may be had to the chancellor or judge of an adjoining district, each class of judicial officers exercising the powers appropriate to his sphere.

　　Decree reversed, and order appointing receiver vacated.